UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                           05 CR 229 (SJ) (SMG)

      -against-                         **MEMORANDUM
                                                       AND ORDER**

ANDREW CATAPANO, JOHN MIKUSZEWSKI,
JOHN RUGGIERO, and ALEXANDER URBAN

                Defendant.
------------------------------------------------------------X

A P P E A R A N C E S

UNITED STATES ATTORNEY
Benton J. Campbell
United States Attorney
225 Cadman Plaza East
Brooklyn, New York 11201
By:    Charles S. Kleinberg, Esq.
Attorney for Plaintiff

LAW OFFICE OF MICHAEL ROSEN
61 Broadway
Suite 1105
New York, NY 10006
By:    Michael Rosen, Esq.
Attorney for Andrew Catapano

WHITE & WHITE
148 East 78th Street
New York, NY 10021
By:    Diarmuid White, Esq.
Attorney for Andrew Catapano

LAW OFFICES OF GERALD SHARGEL
570 Lexington Avenue
45th Floor
New York, NY 10022

1

P-049

By: Gerald L. Shargel, Esq.
    Evan L. Lipton, Esq.
    Ross M. Kramer, Esq.
Attorneys for John Mikuszewski

DRISCOLL & REDLICH
521 Fifth Avenue
New York, NY 10175
By: Peter J. Driscoll, Esq.
Attorney for John Ruggiero

KREISS LAW FIRM
1824 Southeast 4th Avenue
Fort Lauderdale, FL 33316
By: Jason W. Kreiss, Esq.
Attorney for Alexander Urban

MELVYN K. ROTH
666 Old Country Road
Suite 501
Garden City, NY 11530
By: Melvyn K. Roth, Esq.
Attorney for Alexander Urban

JOHNSON, Senior District Judge:

Presently before the Court is the second Report and Recommendation ("Report 2") issued in this matter by United States Magistrate Judge Steven M. Gold, addressing a motion to dismiss filed by Defendants Andrew Catapano, John Mikuszewski, and John Ruggiero (collectively "Defendants"), based on the recent decision by the United States Supreme Court in United States v. Santos, ___ U.S. ___, 128 S. Ct. 2020 (2008). The Court assumes familiarity with the facts of the case.

Defendants argue that Santos narrows the scope of the federal money laundering statute, 18 U.S.C. § 1956, such that the facts alleged in the two Indictments currently

2

before the Court (referred to as S-3 and S-4 by the parties) now fall beyond the scope of that statute, thereby rendering the government's factual allegations insufficient to state an offense. See Def. Mot. to Dismiss. More specifically, Defendants contend that the transfer of money in this case involved only "gross proceeds" from the alleged underlying offenses, as opposed to "profits," as those terms are defined by the Court in Santos. See id. at 1-2.

## STANDARD OF REVIEW

A district court judge may designate a magistrate to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. See id.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

3

P-049

## DISCUSSION

In this case, although Defendants filed timely objections to the Report, they do not raise any arguments in response to Magistrate Judge Gold's findings that were not already addressed by the magistrate himself. Rather, Defendants simply suggest that Magistrate Judge Gold's conclusion is erroneous and "fails to recognize [the] advancement in the law" reflected in Santos. (Def. Obj. to Report at 3.) This Court stands in agreement with Magistrate Judge Gold's assessment that the government has presented a facially valid indictment which, under United States v. Williams, 504 U.S. 36, 54-55 (1992), defendants are precluded from challenging on the ground that the evidence is inadequate to state an offense ("it would run counter to the whole history of the grand jury institution" to permit an indictment to be challenged "on the ground that there was inadequate or incompetent evidence before the grand jury.") (internal citations omitted).

The Court also agrees that Santos is distinguishable from the case at bar in that the former involved the transfer of illegally obtained proceeds to pay for expenses related to maintaining the same unlawful activity that generated the proceeds in the first instance (i.e. the operation of an illegal lottery business). By contrast, this case involves proceeds that the government indicates it intends to show constituted profits used to commit new and discrete crimes (i.e. separate bribes made to various union and utility company officials). Hence, unlike in Santos, Defendants here are not alleged to have

4

engaged in subsequent illegal transactions in an effort merely to pay the expenses of one, ongoing illegal enterprise.

## CONCLUSION

Upon review of the recommendations, and after considering Defendants' objections, this Court sees no grounds upon which to disturb the well-reasoned opinion of the magistrate. Therefore, this Court adopts and affirms Magistrate Judge Gold's Report to the extent articulated herein. Defendants' motion is denied.

SO ORDERED.

Dated: Brooklyn, New York
October 6, 2008

s/Hon. Sterling Johnson, Jr.
_____
U.S.D.J.

P-049